*974 ON REHEARING
Before WILLIAMS, STEWART, CARAWAY, PEATROSS and LOLLEY, JJ.
PER CURIAM
ON REHEARING.
_Jj_Our original opinion in this matter correctly noted that the state must prove the grounds for termination of parental rights by clear and convincing evidence. However, the opinion left out the word “much” in explaining what clear and convincing evidence means. Proof by clear and convincing evidence requires a showing that the existence of a disputed fact is highly probable, meaning much more probable than its nonexistence. State in the Interest of K.D., 586 So.2d 692 (La.App. 2d Cir.1991).
The applicant on rehearing also asserts that the opinion incorrectly places the burden on the parent to demonstrate compliance with the case plan to the department when it is the state who bears the burden of proof. The opinion makes clear that the burden of proof is on the state. However, it also recognizes that a parent who is working a ease plan must demonstrate to the department that he is complying with its requirements. Noncompliance will, unfortunately, lead to termination proceedings. In reviewing this record, there was no indication of T.P.’s compliance or attempt to comply with the case plan requirement that he provide financial assistance for the child’s care.
With these clarifications to our original opinion, the application for rehearing is denied.